# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

ESO CAPITAL PARTNERS UK LLP,    :

         Plaintiff,    :

    -against-    :

SNOWBRIDGE ADVISORS LLC,    :

         Defendant.    :

-------------------------------------------------------- X

CIVIL ACTION NO.: 1:22-cv-10856

## COMPLAINT

Plaintiff ESO Capital Partners UK LLP ("ESO Capital"), by its undersigned attorneys of record, Jones Day, as for its Complaint against defendant Snowbridge Advisors LLC ("Snowbridge Advisors"), hereby alleges as follows:

### Preliminary Statement

1.      This is a straightforward breach of contract action by ESO Capital to recover prevailing party attorneys' fees. Defendant Snowbridge Advisors sued ESO Capital in the United States District Court for Southern District of New York for allegedly breaching an October 1, 2018 agreement (the "Agreement") between the parties, seeking judgment in an amount in excess of $2.8 million (the "Prior Lawsuit"). By Order of the Honorable Jed S. Rakoff, Snowbridge Advisors' Complaint was dismissed, and on April 12, 2022, Judgment was entered in ESO Capital's favor. Thereafter, ESO Capital, as prevailing party, requested that Snowbridge Advisors pay ESO Capital's incurred attorneys' fees and costs as required under the Agreement, but Snowbridge Advisors declined to do so. There are no genuine issues of material fact regarding Snowbridge Advisors' liability.

**The Parties**

2.    Plaintiff ESO Capital is a limited liability partnership organized under the laws of England and Wales with its registered office address at 9 Percy Street, London, England.

3.    Defendant Snowbridge Advisors is a Delaware limited liability company with its principal place of business at 747 Third Avenue, 17th Floor, New York, New York 10017.

**Jurisdiction and Venue**

**A.     Subject Matter Jurisdiction**

4.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this is an action between citizens of the United States and citizens of foreign states, and the amount in controversy exceeds $75,000.

5.    For purposes of diversity jurisdiction, ESO Capital is deemed a citizen of the United Kingdom.  ESO Capital is both incorporated, and has its principal place of business, in the United Kingdom.  The members of ESO Capital are (i) Richard Thomas Butler, (ii) David Christie (both of whom reside and are domiciled in the United Kingdom) and (iii) ESO Capital UK Limited (a UK private limited company).   ESO Capital UK Limited is both incorporated, and has it principal place of business, in the United Kingdom.

6.    For purposes of diversity jurisdiction, Snowbridge Advisors is deemed a citizen of multiple states within the United States, including New York.  Snowbridge Advisors is a Delaware limited liability company with its principal place of business at 747 Third Avenue, 17th Floor, New York, New York 10017.  According to submissions made by Snowbridge Advisors in the Prior Lawsuit, it has six members, all of whom are individuals.  They are:  (i) Mark Schroeder (a resident of Florida), (ii) Rush Baker (a resident of Tennessee); (iii) Tom Boyle (a

resident of Connecticut), (iv) Kathleen Burke (a resident of New York), Stephen Scott Gregory

(a resident of Pennsylvania), and Colleen Sellers (a resident of New York).  Snowbridge

Advisors is not a citizen of the United Kingdom, or of any country outside of the United States.

     **B.**    **Personal Jurisdiction**

     7.   The Court has personal jurisdiction over Snowbridge Advisors for multiple,

independent, reasons.

     8.   First, the Agreement provides that the parties thereto, including Snowbridge

Advisors, "irrevocably and unconditionally submit to the exclusive jurisdiction of the Courts of

the State of New York and of the United States District Court located in the County of New York

for any lawsuits, actions or other proceedings relating to this Agreement and agree not to

commence any such lawsuit, action or other proceeding except in such courts."

     9.   Second, Snowbridge Advisors has its principal place of business in Manhattan.

     10.  Third, significant events giving rise to this lawsuit occurred in Manhattan,

including the institution and maintenance within Manhattan of the Prior Lawsuit.

     **C.**    **Venue**

     11.  Venue in this District is proper because Snowbridge Advisors actually resides,

and/or is deemed to reside, in this District.

     12.  Venue is also proper in this District because a substantial part of the events

and/or omissions giving rise to ESO Capital's claim occurred in the District.

     13.  Venue is also proper pursuant to the terms of the Agreement.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A.   The Contract Between ESO Capital and Snowbridge Advisors

14.   On or about October 1, 2018, Snowbridge Advisors, ESO Capital, and a third entity, DCS Advisory LLC ("DCS Advisory") (collectively, the "Contracting Parties") entered into the Agreement.  A true and correct copy of the Agreement is annexed hereto as Exhibit A.

15.   The Agreement governs, *inter alia*, the rights and obligations of and among the Contracting Parties in connection with financial advisory services to be provided to ESO Capital.

16.   Pursuant to Section 2 of the Agreement, all compensation for services provided under the Agreement was to be paid by ESO Capital to DCS Advisory.  Snowbridge Advisors had no right to receive compensation under Section 2 of the Agreement, or any other Section.

17.   Section 12 of the Agreement provides that the prevailing party in any lawsuit or proceeding is entitled to recover its attorneys' fees and other costs and expenses incurred thereby from the non-prevailing party (the "Prevailing Party Provision").  More specifically, Section 12 states in pertinent part:

> The prevailing party in any suit, action or proceeding to enforce the terms of this Agreement shall be entitled to recover from the non-prevailing party all of the attorney fees and other costs and expenses the prevailing party may incur in such suit, action or proceeding and in any subsequent suit to enforce a judgment.

18.   The Agreement also contains a New York choice of law provision.

B.     **The Prior Lawsuit**

    i.     ***The Prior Complaint***

19.   On November 3, 2021, Snowbridge Advisors and a related entity, Snowbridge Securities LLC, filed the Prior Lawsuit in the United States District Court for the Southern District of New York.  ESO Capital was one of five defendants named in the Prior Lawsuit.

20.   The Prior Lawsuit was assigned to the Honorable Jed S. Rakoff.  The civil action number is 1:21-cv-09086-JSR.

21.   Snowbridge Advisors' Complaint in the Prior Lawsuit asserted two claims for relief against ESO Capital:  the First Claim for Relief sounding in Breach of Contract, and the Sixth Claim for Relief seeking a Declaratory Judgment.  The Second, Third, Fourth, and Fifth Claims for Relief were not asserted against ESO Capital.  A true copy of that Complaint (referred to hereafter as the "Prior Complaint") is annexed hereto as Exhibit B.

22.   Snowbridge Advisors alleged at paragraph 9 of the Prior Complaint that the Court had diversity jurisdiction over the subject matter of the action because it was an action between citizens from diverse states, and the amount in controversy exceeded $75,000.

23.   In its Breach of Contract claim against ESO Capital, Snowbridge Advisors sought to recover millions of dollars in fees and compensation pursuant to Section 2 of the Agreement.  The Prior Complaint alleges that ESO Capital materially breached the Agreement by failing and refusing to pay monthly advisory fees and a minimum placement fee to Snowbridge Advisors as supposedly required under Section 2.

24.  For example, paragraph 28 of the Prior Complaint asserts in relevant part:

Under Section 2(a) of the Agreement, ESO [Capital] agreed to compensate Snowbridge by paying an initial Work Fee, a monthly Advisory Fee, and a minimum Placement Fee, as follows:

(i)   a nonrefundable cash fee (the "Work Fee") of €300,000 payable upon execution of this Agreement. €100,000 of the Work Fee, to the extent actually paid to [Snowbridge], will be credited against the final installment(s) of the Placement Fee as defined below;

(ii)   a non-refundable monthly fee of €30,000 (the "Advisory Fee") payable monthly in advance commencing upon the execution of this Agreement and terminating upon the final Closing; provided that payment of the monthly Advisory Fee will terminate with immediate effect in the event that this Agreement is terminated prior to the final Closing. The Advisory Fee, to the extent actually paid to [Snowbridge], will be credited in full against the final payment(s) of the Placement Fee (as defined below); and

(iii)   a cash fee (the "Placement Fee") equal to the greater of (a) the sum of (x) the management fee rate, subject to a floor of 0.875% on all accepted binding capital commitments, including commitments structured as separate accounts or fee-paying co-investments (together, "Commitments") to the Fund from Full Fee Eligible Investors (as defined below), plus (y) one half of the management fee rate, subject to a floor of 0.45%, on Commitments to the Fund from investors identified in Appendix A hereto (the "Appendix A Investors") or (b) €3 million.

Prior Complaint at ¶ 28.

25.   Paragraphs 29 through 30 of the Prior Complaint refer to other purported payment obligations of ESO Capital to Snowbridge Advisors under Section 2 of the Agreement.

26.   Paragraph 70 of the Prior Complaint alleges that "[f]or the foregoing reasons, Snowbridge has been damaged by ESO [Capital]'s breaches of the Agreement, in an amount to be determined at trial but in any event no less than € 2,480,000, and is entitled to recover same, with contractual interest, from ESO [Capital]."  Prior Complaint at ¶ 70.

27.   On November 3, 2021 (the date Snowbridge Advisors filed the Prior Complaint), the Euro to US Dollar Exchange Rate was approximately 1 EUR = 1.1617 USD.  Accordingly, Snowbridge Advisors sought to recover from ESO Capital "an amount to be determined at trial but in any event no less than [U.S. Dollars $2,881,016] and is entitled to recover same, with contractual interest, from ESO [Capital]."

28.   In its Sixth Claim for Relief, Snowbridge Advisors sought a declaration that ESO Capital remained obligated to it under the Agreement to pay the minimum Placement Fee and other amounts thereunder.

29.   Snowbridge Advisors' Prior Complaint also demanded recovery of contractual interest, "attorneys' fees, costs, and expenses incurred as a result of this action and any appeal therefrom."   See Prior Complaint at ¶¶ 70–71.

### ii.      ESO Capital's Motion to Dismiss the Prior Complaint

30.   On January 30, 2022, ESO Capital moved to dismiss the Prior Complaint pursuant to 12(b)(1) and (6).  In its motion, ESO Capital urged, inter alia, that contrary to the allegations in the Prior Complaint, and pursuant to the express terms of the Agreement, Snowbridge Advisors had no right to any payment from ESO Capital.  Therefore, as a matter of law, Snowbridge Advisors could not satisfy the $75,000 threshold to satisfy diversity jurisdiction.  As a result, ESO Capital urged that Snowbridge Advisors could not demonstrate that the Court had subject matter jurisdiction over its claims in the Prior Lawsuit.

31.   ESO Capital also moved to dismiss Snowbridge Advisors' claims for failure to state a claim for relief.

32.   On February 18, 2022, Snowbridge Advisors opposed ESO Capital's motion to dismiss.  In its opposition, Snowbridge Advisors admitted that it had no right to recover any payment under the Agreement and did not challenge ESO Capital's assertion that it could not meet the $75,000 threshold for diversity jurisdiction.

33.   Instead, for the first time, and contrary to its allegations in the Prior Complaint, Snowbridge Advisors conceded that it had no right to recover any compensatory damages—let alone a substantial multi-million dollar recovery.   Snowbridge Advisors argued, again for the first time, that it could seek "nominal damages," a trivial award that a plaintiff can recover if it has suffered no actual harm by an alleged breach of a contract.

34.   Nominal damages are not requested in the Prior Complaint, and no motion to amend was ever filed.

35.   On February 28, 2022, ESO Capital filed a reply in further support of its motion.

36.   Oral argument on ESO Capital's motion to dismiss was held on March 21, 2022, before Judge Rakoff.  Thereafter, with the permission of the Court, on March 25, 2022, Snowbridge Advisors submitted a sur-reply in further opposition to ESO Capital's motion.

### iii.      *The Court Dismisses the Prior Complaint and Judgment is Entered in Favor of ESO Capital and Against Snowbridge Advisors*

37.   On March 28, 2022, Judge Rakoff issued a "bottom line" Order dismissing Snowbridge Advisors' claims against ESO Capital for lack of subject matter jurisdiction, and denying leave to replead as futile.

38.   Thereafter, on April 11, 2022, the Court issued a 24-page Memorandum Order ("Mem. Order") setting forth the reasons supporting its initial March 28th ruling.   Judge Rakoff explained that "Snowbridge Advisors concedes that it is not due the placement fee under the [Engagement Letter]."   Mem. Order at p. 15.   In other words, the Court found there was no legal basis for Snowbridge Advisors to seek to recover a minimum of € 2,480,000 from ESO Capital, or any amount remotely close to that figure.   In its Mem. Order, the Court ultimately found that the best case scenario for Snowbridge Advisors would be a recovery limited to nominal damages.   On that basis the Court concluded that Snowbridge Advisors had failed to satisfy the $75,000 amount in controversy requirement for purposes of diversity jurisdiction.  A true and correct copy of the Mem. Order is annexed hereto as Exhibit C.

39.   The Court also dismissed Snowbridge Advisors' Sixth Claim for Relief, finding that it "would not serve a useful purpose" to entertain the declaratory relief claim since it was duplicative of the dismissed First Claim for Relief.   Mem. Order at 23-24.

40.   On April 12, 2022, the Clerk for the United States District Court for the Southern District of New York entered Judgment, *inter alia*, dismissing Snowbridge Advisors' claims against ESO Capital.  A true and correct copy of the Judgment is annexed hereto as Exhibit D.

41.   The Judgment states in pertinent part:

It is hereby ORDERED, ADJUDGED AND DECREED:  That for the reasons stated in the Court's Memorandum Order dated April 11, 2022, and the Court's Order dated March 28, 2022, the Court grants both motions and dismisses the complaint.  The claim[] of plaintiff Snowbridge Advisors LLC for breach of contract against ESO [Capital] . . . [is] dismissed for lack of subject matter

jurisdiction. . . .The Court also grants the motions of ESO [Capital] . . . to dismiss Count Six because the request for a declaratory judgment is duplicative of the breach of contract . . . in Count[] One . . ., and it does not serve a useful purpose to clarify the legal issues involved or otherwise finalize the controversy of offer relief from uncertainty.  Finally, plaintiffs' request for leave to replead is denied as futile; accordingly the complaint is dismissed.

## C.    ESO Capital is Entitled to Recover its Attorneys' Fees From Snowbridge Advisors as Prevailing Party

42.   Under New York law, it is clear that ESO Capital is the "Prevailing Party"  and Snowbridge Advisors is the "Non-Prevailing Party" as those terms are used in the Prevailing Party Provision of the Agreement.    As a matter of law, should Snowbridge Advisors re-file its breach of contract claim in a different court, any recovery would be limited to nominal damages—a far cry from the € 2,480,000+ (or US $2,881,016+) award it initially demanded be assessed against ESO Capital.    It is beyond genuine dispute that ESO Capital has prevailed on the central claims advanced by Snowbridge Advisors in the Prior Lawsuit, and despite being a defendant, ESO Capital has received substantial relief in the consequences thereof.

43.  Considering the true scope of the litigated dispute—Snowbridge Advisors' demand for an amount not less than € 2,480,000 (or US $2,881,016), plus contractual interest, attorneys' fees, costs, and expenses—what Snowbridge Advisors has actually achieved in the Prior Lawsuit may only be characterized as a complete failure.    Under these circumstances, the only reasonable conclusion is that ESO Capital is the Prevailing Party and Snowbridge Advisors is the Non-Prevailing Party as those terms are both generally understood and used in the Prevailing Party Provision of the Agreement.

44.  As a result, under Section 12 of the Agreement, ESO Capital is entitled to recover from Snowbridge Advisors the attorneys' fees, costs, and expenses it incurred in connection with its defense of the Prior Lawsuit.

45.  ESO Capital vigorously defended the Prior Lawsuit.  As part of its defense, counsel for ESO Capital, among other things, engaged in hotly contested motion practice, drafted initial disclosures, drafted discovery requests, and responded to written discovery (including interrogatories, document requests, and requests for admission), took steps to prepare to produce documents, prepared for and attended multiple court hearings, and conducted witness interviews and other fact investigation relevant to the defense of Snowbridge Advisors' claims.

46.  Through April 12, 2022, ESO Capital incurred at least GBP £ 349,260.25 in attorneys' fees, costs, and expenses in connection with its defense of Snowbridge Advisors claims.[1]

47.  On May 19, 2022, counsel for ESO Capital sent a letter to Snowbridge Advisors' counsel requesting, *inter alia*, that Snowbridge Advisors confirm:

  (i)    That ESO Capital was the Prevailing Party in the Prior Lawsuit as that phrase is used in Section 12 of the Agreement;

  (ii)   Snowbridge Advisors is obligated to pay the "Prevailing Party," ESO Capital, all of the attorneys' fees, other costs, and expenses incurred by ESO Capital in connection with the Prior Lawsuit;

  (iii)  No later than June 19, 2022, Snowbridge Advisors will pay ESO Capital the sum of £ 349,260.25 in payment of all incurred attorneys' fees through March 31, 2022; and

  (iv)   With respect to attorneys' fees, costs and expenses incurred by ESO Capital after March 31, 2022 in connection with the Prior Lawsuit, Snowbridge

---

[1] Based on the prevailing exchange rate as of December 23, 2022, US $ 420,647.30.

Advisors will pay all such sums within thirty (30) days of receipt of request for payment by ESO Capital.

A true and correct copy of ESO Capital's counsel's May 19, 2022 letter to Snowbridge Advisors' counsel is annexed hereto as Exhibit E.

48.   Through its counsel, Snowbridge Advisors responded on June 6, 2022.  It declined to confirm any of the items contained in the preceding paragraph.  In its letter, Snowbridge Advisors took the position that Judge Rakoff's decision in the Prior Lawsuit was "erroneous and unsustainable," advising that they expected it to be reversed or vacated by the Second Circuit.  On that basis, Snowbridge Advisors deemed ESO Capital's demand as "premature, at best;" notwithstanding the Southern District authority cited by ESO Capital's counsel demonstrating that courts award prevailing party attorneys' fees notwithstanding the pendency of an appeal.  A true and correct copy of Snowbridge Advisors' June 6, 2022 letter to ESO Capital's counsel is annexed hereto as Exhibit F.

49.   As of the date of this Complaint, Snowbridge Advisors has failed to make any payment to ESO Capital in connection with the attorneys' fees ESO Capital incurred in the Prior Lawsuit.

50.   While Snowbridge Advisors has filed an appeal to the United States Court of Appeals, Second Circuit, its opening brief did not assert that Judge Rakoff erred in dismissing its claims.  Accordingly, any such argument has been waived.  Nor has Snowbridge Advisors diligently prosecuted its appeal.  Moreover, Snowbridge Advisors has taken no steps pursuant to Federal Rule of Civil Procedure 62 or any other authority, to seek a stay of enforcement of the Judgment.

### FIRST CLAIM FOR RELIEF

51.  ESO Capital repeats and realleges each of the allegations set forth in paragraphs 1–50 of this Complaint.

52.  Snowbridge Advisors has materially breached its obligations to ESO Capital under the Prevailing Party Provision of the Agreement by failing to pay amounts it owes to ESO Capital as the Prevailing Party.

53.  As a direct and proximate result of the breach by Snowbridge Advisors, ESO Capital has been damaged in an amount to be determined at trial, but in all events no less than £ 349,260.25 (US $420,647.30), and is entitled to recover same, with contractual interest, from Snowbridge Advisors.

54.  In addition, pursuant to the Prevailing Party Provision in the Agreement, ESO Capital is entitled to recover its attorneys' fees, costs, and expenses incurred as a result from the filing and resolution of this action, and any appeal therefrom.  The amount of those damages shall be determined by the Court at the conclusion of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, ESO Capital respectfully requests this Court enter a judgment against

Snowbridge Advisors in an amount to be determined at trial, but at least £ 349,260.25

(US $420,647.30), plus interest, and such other further relief as this Court deems just and proper,

including costs, expenses, and all attorneys' fees incurred in connection with this action.

Dated:   December 23, 2022             Respectfully submitted,
         New York, New York

                                       /s/ Mark R. Seiden
                                       Mark R. Seiden
                                       JONES DAY
                                       250 Vesey Street
                                       New York, New York 10281
                                       Telephone: (212) 326-3451
                                       Email:  mrseiden@jonesday.com

                                       *Attorneys for Defendant*
                                       *ESO Capital Partners UK LLP*