UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X
ESO CAPITAL PARTNERS UK LLP,

    Plaintiff,

-against-

SNOWBRIDGE ADVISORS LLC,

    Defendant.
---------------------------------------------------- X

CIVIL ACTION NO.: 1:22-cv-10856 (JGK)

## STIPULATED [PROPOSED] DISCOVERY PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms, upon pain of contempt.

1. Definitions:

    (A) "Data Protection Laws": means all laws and regulations, including laws and regulations of the European Union, the European Economic Area and their member states, Switzerland, the United Kingdom and the United States and its states, applicable to the processing of Personal Data in connection with this Matter.

    (B) "Discovery Material": all items or information of any kind regardless of the medium or manner in which it is generated, stored, or maintained (including, among

1

other things, initial disclosures, responses to discovery requests, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

(C) "Designating Party": a Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "Confidential."

(D) "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who, along with his or her support staff, (i) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (ii) is not a past or current employee of a Party or of a Party's competitor, and (iii) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

(E) "Matter": means only the above-captioned action before Judge Koeltl.

(F) "Court": means the United States District Judge assigned to this Matter, Judge Koeltl, inclusive of any support staff.

(G) "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts (and their staff), and counsel (and their support staffs).

(H) "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(I) "Producing Party": a Party or Non-Party that produces Discovery Material in connection with this matter.

(J) "Personal Data": any information that a Party believes in good faith to be subject to federal, state, or foreign Data Protection Laws that protect and regulate the use,

2

storage, and transfer of data of natural persons. Personal Data constitutes highly sensitive materials requiring special protection. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); the Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); and Regulation (EU) 2016/679 of the Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, and repealing Directive 95/46/EC ("General Data Protection Regulation" or "GDPR"); the laws implementing the GDPR in the Member States of the European Union and the European Economic Area; the GDPR as it forms part of the law of England and Wales, Scotland and Northern Ireland by virtue of section 3 of the European Union (Withdrawal) Act 2018 and as amended by Schedule 1 to the Data Protection, Privacy and Electronic Communications (Amendments etc.) (EU Exit) Regulations 2019 (SI 2019/419) ("UK GDPR"); the UK Data Protection Act 2018; and the Federal Act on Data Protection of Switzerland.

(K) "Professional Vendors": persons or entities that provide litigation support services in relation to this matter (e.g., stenography, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(L) "Confidential Discovery Material": any Discovery Material that is designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only."

(M) "Receiving Party": a Party or Non-Party that receives Discovery Material and any other disclosure in relation to this matter.

2. Any Receiving Party subject to this Order who receives from a Producing Party any Confidential Discovery Material pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. The protections conferred by this Order cover not only Confidential Discovery Material (as defined above), but also (i) any information copied or extracted from Confidential Discovery Material; (ii) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3. A Producing Party producing any Discovery Material may designate as "Confidential" only such portion of such material that it reasonably and in good faith believes consists of:

(A) previously non-publicly disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(B) previously non-publicly disclosed material relating to ownership or control of any non-public company;

(C) previously non-publicly disclosed business information (including without limitation customer or client information, information concerning confidential business practices or relationships, vendor and supplier information, competitively sensitive information) business plans, product development information or marketing plans;

4

(D)     previously undisclosed material which the Producing Party owes an obligation to a third party to maintain as confidential (provided that said Producing Party explains, to the extent permitted, the nature and extent of those restrictions);

(E)     any information of a personal or intimate nature regarding any individual including Personal Data as defined herein; or

(F)     any other category of information hereinafter given confidential status by the Court.

4.      A Producing Party producing any Discovery Material may designate as "Highly Confidential - Attorney's Eyes Only" only such portion of such material as consists of: (i) any information, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the Party or Non-Party from which the information was obtained, or (ii) Discovery Material containing Personal Data as defined herein. Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential Information shall not be furnished, shown or disclosed to any person except those individuals set forth in Paragraphs 9(B), (C), (E), (F), (G) & (H) below.

5.      Certain Personal Data may compel alternative or additional protections beyond those afforded by a "Confidential" or "Highly Confidential" designation, in which event the Parties shall meet and confer in good faith to discuss such protections that may include entry into additional legal instruments such as entry into data transfer agreements (including EU Standard Contractual Clauses or Standard Contractual Clauses as required for transfers of Personal Data from the United Kingdom or Switzerland) and/or anonymization or pseudonymization, and, if unsuccessful, shall contact the Court per Paragraph 12 below. Without derogating from the aforesaid, any Party may redact from any disclosures or Discovery Material any Personal Data,

5

including, without limitations, personnel files, personal contact information and any personal identifiers. If the same responsive information is otherwise available and not subject to Data Protection Laws, such information should be produced consistent with the terms of this Order which provides adequate protection without the need for redaction.

6. With respect to the Confidential or Highly Confidential portion of any Discovery Material (other than deposition transcripts) the Producing Party or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility. Within seven (7) days of a request from another party to use Confidential Discovery Material in a court filing, the Producing Party must produce another copy of said Confidential Discovery Material for future public use with the designated information redacted.

7. In the case of depositions, if the Producing Party believes that a portion or all of the testimony given at a deposition constitutes Confidential Discovery Material, counsel shall so state on the record and shall request that the entire transcript or relevant portion thereof be sealed. In addition, the Producing Party may designate the relevant portion of the transcript or videotape of a deposition, and any exhibits thereto, as Confidential Discovery Material within 30 days of the Producing Party's receipt of the transcript from the court reporter. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel of record, identifying the portion of the transcript, or exhibits thereto, that constitute items designated as Confidential Discovery Material. All pages of the transcript and exhibits designated as Confidential Discovery Material shall be stamped "Confidential" or ·'Highly Confidential."

8. If at any time prior to the trial of this action, a Producing Party realizes that some portion[s] of Discovery Material (other than deposition transcripts) that that person previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by so apprising all prior recipients in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

9. No person subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Confidential to any other person whomsoever, except to:

(A) the Parties to this action;

(B) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this Matter;

(C) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(D) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(E) any person retained by a Party to serve as an Expert, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(F) Professional Vendors;

(G) any mediator or arbitrator that the Parties engage in this Matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

7

(H)     Judge Koeltl and his support personnel.

10.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 9(D), 9(E) or 9(G) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.    All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing. In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

12.    Any Party who either objects to any redaction or any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the Designating Party or Receiving Parties (as applicable) a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected Parties will convene a joint telephone call with the Court to obtain a ruling.

13. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential pursuant to this Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Confidential Discovery Material in electronic form shall be maintained in a secure litigation support system that applies standard industry practices regarding data security, including but not limited to application of access control rights to this Order.

14. Each person who has access to Discovery Material that contains Personal Data shall ensure that the exchange of such information with any other person is protected by way of appropriate technical and organizational safeguards, including through the use of secure servers and password protected access.

15. Any person in possession of Confidential Discovery Material received from another person or entity in connection with this matter shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Discovery Material, protect against any reasonably anticipated threats or hazards to the security of such Confidential Discovery Material, and protect against unauthorized access to or use of such Confidential Discovery Material, in accordance with applicable Data Protection Laws. If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access to Confidential Discovery Material subject to this Order, they shall: (i) notify the Producing Party of such breach; (ii) investigate and take reasonable efforts to remediate the effects of the breach; (iii) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach; and (iv) describe to the Producing Party the Confidential Discovery Material accessed without authorization. The Receiving Party agrees to cooperate

with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access, to remediate the breach, to preclude further breaches, to address publicity regarding the breach, and to take such actions as are required by applicable laws, including Data Protection Laws. After notification, the Receiving Party shall keep the Producing Party informed of remediation efforts.

16. If, in connection with this action, a Producing Party discloses information subject to a claim of attorney-client privilege or attorney work product protection pursuant to which the Producing Party has a right to withhold such information from disclosure ("Non-Discoverable Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Non-Discoverable Information and its subject matter.

17. If a Producing Party notifies any Receiving Party in writing of disclosure of Non-Discoverable Information, stating the reason why such Non-Discoverable Information may be withheld from disclosure, the Receiving Party shall not thereafter review the Non-Discoverable Information for any purpose, except by order of the Court. The Receiving Party shall, within five business days, return or destroy all copies of the Non-Discoverable Information, and provide a certification of counsel that all such information has been returned or destroyed. However, a Receiving Party may retain information sufficient to identify the Non-Discoverable Information (e.g. Bates number, author(s), recipient(s), date) for purposes of a motion to compel production of the Non-Discoverable Information.

18. Any Receiving Party may move the Court for an order compelling production of the Non-Discoverable Information. The request shall be made under seal, but said Receiving

Party shall not assert as a ground for entering such an order the fact or circumstances of any Producing Party's production.

19. The Producing Party retains the burden of establishing the privileged or protected nature of any Non-Discoverable Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Non-Discoverable Information. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

20. Recipients of Confidential Discovery Material or Personal Data pursuant to this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceedings, whether or not the parties in any such litigation are related to the Parties in this action. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to use of its own documents or information produced in this action. This Order shall not be construed to apply to any information that is available to the public other than through a breach of this Order or other duty of confidentiality.

21. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law, any government agency having jurisdiction, or any self-regulatory organization (*e.g.*, FINRA), provided that such Party gives written notice to the Producing Party as soon as reasonably possible prior to any disclosure. Upon receiving such notice, the Producing Patty will bear the burden to oppose compliance with the subpoena, other compulsory process or other legal notice if the Producing Party deems it appropriate to do so.

22. This Protective Order shall survive the termination of the litigation, and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or

disclosed. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed, and the Receiving Party must certify the return or destruction of such Confidential Discovery Material by submitting written confirmation to the Producing Party. Notwithstanding this provision, counsel that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23. The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

24. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

SO STIPULATED AND AGREED.

**JONES DAY**
*Attorneys for Plaintiff ESO Capital Partners UK LLP*

By: _____
Mark R. Seiden

Dated: July 10, 2023

**BARTON LLP**
*Attorneys for Defendant Snowbridge Advisors LLC*

By: _____
Roger E. Barton
Randall L. Rasey

Dated: July 10, 2023

SO ORDERED

_____
JOHN G. KOELTL, U.S.D.J.

Dated: 7/10/23

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X
:
ESO CAPITAL PARTNERS UK LLP,         :    CIVIL ACTION NO.: 1:22-cv-10856 (JGK)
:
Plaintiff,                           :
:
-against-                            :    **NON-DISCLOSURE AGREEMENT**
:
SNOWBRIDGE ADVISORS LLC,             :
:
Defendant.                           :
:
---------------------------------------------------- X

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation in the United States District Court for the Southern District of New York and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:

_____